UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 13-61159-CIV-ROSENBAUM/HUNT**

MERCEDES PALACIOS,

    Plaintiff,

vs.

METROPCS FLORIDA, LLC, *et al.*,

    Defendants.

_____/

**<u>ORDER DENYING MOTION TO APPROVE CONFIDENTIAL SETTLEMENT</u>**

This matter is before the Court upon the parties' Joint Motion for Judicial Approval of the Parties' Confidential Settlement Agreement and Dismissal of the Action [D.E. 20]. On July 29, 2013, Plaintiff notified the Court that she had settled her claims under the Fair Labor Standards Act ("FLSA") with Defendants. D.E. 18. Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), the Court directed the parties to submit their settlement agreement for judicial approval. D.E. 19. On August 12, 2013, the parties submitted the instant motion seeking approval of their settlement and dismissal of the action. However, the parties did not file their settlement agreement and, citing a confidentiality provision, requested that the Court review and approve their agreement *in camera*. D.E. 20, ¶ 7.

Courts regularly reject reviewing FLSA settlements *in camera* because of the public interests implicated by the FLSA itself. *See, e.g.*, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1244-46 (M.D. Fla. 2010); *Szakats v. Sabor Havana Cigars of Palm Beach, Inc.*, 2007 WL 3521368, at *1 (S.D. Fla. 2007). As the Court previously informed the parties, only truly extraordinary circumstances justify keeping FLSA settlement agreements out of the public record. *See* D.E. 6, ¶

5 (citing *Brown v. Advantage Eng'g Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992)).  However, the parties have identified only the confidentiality provision of their agreement as a basis for not filing their settlement agreement on the record.  *See* D.E. 20, ¶ 7.  A confidentiality clause, no matter how "essential" to the parties' settlement, is insufficient justification to keep the agreement out of the public record.  *See Brown*, 960 F.2d at 1016 ("It is immaterial whether the sealing of the record is an integral part of a negotiated settlement between the parties . . . . Absent a showing of extraordinary circumstances . . . , the court file must remain accessible to the public.").

Accordingly, it is **ORDERED and ADJUDGED** that the parties' Joint Motion for Judicial Approval of the Parties' Confidential Settlement Agreement and Dismissal of the Action [D.E. 20] is **DENIED** without prejudice.  The parties have until **August 19, 2013**, to either file their agreement on the record and renew their motion for approval and dismissal or to renew their motion for approval setting forth therein the extraordinary circumstances that warrant non-public review of the settlement agreement.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 12th day of August 2013.

*/s/ Robin S. Rosenbaum*
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies to counsel of record